UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ASSOCIATION FOR ACCESSIBLE MEDICINES,

                        Plaintiff,          18 Civ. 8180 (KPF)

    - against -

LETITIA JAMES, in her official capacity as          **SETTLEMENT**
the Attorney General of New York, and MARY T.     **AGREEMENT   AND**
BASSETT, in her official capacity as                    **ORDER**
Commissioner of Health of New York,

                        Defendants.
------------------------------------------------------------------------x

      This SETTLEMENT AGREEMENT AND ORDER ("Settlement Agreement") is made by and between Plaintiff Association for Accessible Medicines ("Plaintiff") and Defendants Letitia James, in her official capacity as Attorney General of the State of New York, and Mary T. Bassett, in her official capacity as Commissioner of Health of the State of New York ("Defendants")[1] (collectively, "the Parties"), as follows:

      WHEREAS, on or about September 7, 2018, Plaintiff commenced the above-captioned action (the "Action") by the filing of a Complaint asserting that aspects of a statute entitled "The Opioid Stewardship Act," codified at New York Public Health Law § 3323 and New York State Finance Law § 97-aaaaa ("OSA" or "the Act") violated the Dormant Commerce Clause of the U.S. Constitution; and

      WHEREAS, on September 7, 2018, Plaintiff filed a motion for a preliminary injunction against the implementation and enforcement of Sections 3323(2) and 3323(10) of the OSA ("the pass-through penalty provisions"); and

      WHEREAS, Plaintiff's motion for a preliminary injunction was granted by Order of this Court

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Attorney General Letitia James is automatically substituted for former Attorney General Barbara D. Underwood, and Commissioner Bassett is automatically substituted for former Health Commissioner Howard Zucker as Defendants in this case.

(Failla, U.S.D.J.), dated December 19, 2018; and

WHEREAS, on October 20, 2021, Judgment was entered in Plaintiff's favor on all counts of the Complaint,

**NOW, THEREFORE, IT IS STIPULATED, AGREED, AND ORDERED AS FOLLOWS**:

1. **Settlement of Claim for Attorney's Fees and Costs**

By this Settlement Agreement, the parties are fully settling and resolving Plaintiff's sole remaining claim for attorney's fees and costs made pursuant to 42 U.S.C. Section 1988 in this Action.

2. **Payment to Plaintiff c/o Plaintiff's Attorneys**

In full consideration of Plaintiff's execution of this Settlement Agreement, its agreement to be bound by its terms, and its undertakings as set forth herein, including the final resolution of the Action, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of the Defendants, shall pay the gross sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) (the "Settlement Amount Payment"), for which an I.R.S. Form 1099 shall be issued to Plaintiff in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding (administrative, judicial, or otherwise) and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to: "Association for Accessible Medicines" and mailed to: Association for Accessible Medicines, c/o Kirkland & Ellis LLP, Attn: Matthew Rowen, Esq., 1301 Pennsylvania Ave. N.W., Washington, D.C. 20004.

3. **State Approval of Payments**

The Settlement Amount Payment referenced in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating such payment.

4. **Accrual of Interest**

In the event that the Settlement Amount Payment referenced in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 2 and 3 of this Settlement Agreement, interest on any part of the Settlement Amount Payment not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day.

5. **Liability of Plaintiff for Taxes**

Plaintiff and its attorneys agree that any taxes, or interest or penalties on taxes, on the Settlement Amount Payment referenced in Paragraph 2 of this Settlement Agreement shall be their sole and complete responsibility. Plaintiff and its attorneys agree and acknowledge that they shall have no claim, right, or cause of action against the Defendants and/or the State of New York, or any of their present or former agencies, departments, divisions, officers, employees, agents, attorneys, and assigns, whether in an individual or official capacity, or any of them, or all of them, on account of such taxes, interest, or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that the State

Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions are liable for the failure of Plaintiff or its counsel to pay federal, state, or local income tax, or other taxes or withholdings with respect to any portion of the Settlement Amount Payment referenced in Paragraph 2 above, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse the State Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions, for such liability with respect to any portion of the Settlement Amount Payment referenced in Paragraph 2 above, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by the State Defendants and/or the State of New York.

6. **Responsibility of Plaintiff and its Attorneys for Liens and Set-offs.**

Plaintiff and Plaintiff's attorneys agree that neither the Defendants nor the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the Settlement Amount Payment referenced in Paragraph 2 of this Settlement Agreement. Plaintiff and Plaintiff's attorneys agree and acknowledge that they shall have no claim, right, or cause of action against the Defendants and/or the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof and any of its officials, employees, or agents, whether in their individual or official capacities) on account of any such liens or set-offs.

7. **Release in Favor of Defendants**

For and in consideration of the agreement set forth in this Settlement Agreement including the payment of the Settlement Amount Payment set forth in Paragraph 2 above, and other good and valuable consideration, the sufficiency of which are hereby acknowledged, and except for the rights

and obligations set forth in this Settlement Agreement, Plaintiff and Plaintiff's counsel, on behalf of themselves, their administrators, successors, and assigns (collectively, "Releasing Parties"), hereby release and forever discharge the Defendants and the State of New York, together with their present and former agencies, authorities, commissions, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties incurred in connection with the Action up to and including the date of this Settlement Agreement related to any and all rights, claims, causes of action, grievances related to or arising out of the acts, transactions, occurrences, or omissions that are described, alleged, or contained in the Action. Plaintiff is not waiving or releasing any nonwaivable statutory protections or any constitutional rights.

**8.     No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that it has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties that would be subject to the release contained in paragraph 7, on its own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

**9.     Waiver of Attorney's Lien**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may

have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

10. **No Other Attorney for Plaintiff**

Plaintiff represents and warrants that, beside the undersigned attorneys for Plaintiff, no attorney other than the undersigned counsel have rendered any legal services to Plaintiff or incurred any costs, disbursements, or expenses on behalf of Plaintiff recoverable pursuant to 42 U.S.C. § 1988 in connection with the Action, and that there are no other attorneys that have a lien for services rendered to Plaintiff, or for costs, disbursements, or expenses incurred on their behalf in connection with the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**11. Binding Effect on Successors and Assigns**

The terms, conditions, and obligations set forth in this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**12.   Authority**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**13.   Voluntary Agreement**

Plaintiff represents that it has thoroughly discussed with counsel all aspects of this Settlement Agreement, and Plaintiff represents that it has carefully read and fully understands all of the provisions of this Settlement Agreement.  Plaintiff represents that it executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that it understands its terms, contents, and effect.  Plaintiff acknowledges that no compromise or

representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

14. **Negotiated Agreement**

The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be construed according to its fair meaning and not strictly for or against any party.

15. **Entire Agreement**

This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the Action, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with respect to the Action and this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

16. **Governing Law**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to the releases and waiver of federal claims pursuant to this Settlement Agreement.

17. **Severability**

With the exception of paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11 and 12 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

18.     **Headings**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

19.     **Submission to the Court**

This Settlement Agreement shall be submitted, without further notice, to the Court to be "So Ordered."

20.     **Counterparts**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument. Signatures transmitted by facsimile, e-mail, or e-mailed in portable document form shall be deemed original signatures.

**IN WITNESS WHEREOF**, the Parties acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions set forth herein, and that each has executed this Settlement Agreement to be effective on the day and date indicated below.

Dated: Washington, D.C.  
       February 17, 2022

KIRKLAND & ELLIS LLP  
Attorneys for Plaintiff

By: _____  
      Matthew D. Rowen  
1301 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004  
(202) 389-5000  
Matthew.Rowen@kirkland.com

New York, New York  
February 17, 2022

LETITIA JAMES  
*Attorney General*  
*State of New York*  
Attorney for Defendants

By: _____  
      Seth J. Farber  
Assistant Attorney General  
28 Liberty Street  
New York, NY 10005  
(212) 416-8029  
Seth.Farber@ag.ny.gov

| | |
|---|---|
| Dated:  February 18, 2022<br>New York, New York | SO ORDERED.<br><br>*Katherine Polk Failla*<br><br>HON. KATHERINE POLK FAILLA<br>UNITED STATES DISTRICT JUDGE |